# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0634V
UNPUBLISHED

| | |
|---|---|
| DEBORAH PEEPLES,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Pneumococcal Conjugate Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Howard Scott Gold*, Howard S. Gold, Sudbury, MA, for Petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On May 21, 2020, Deborah Peeples filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the pneumococcal 13-valent vaccine[3] she received on January 25, 2018. Petition at 1, ¶¶ 1-2, 22. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The pneumococcal 13-valent vaccine is a pneumococcal conjugate vaccine - routinely administered to children, and covered by the Vaccine Program. *See Morrison v. Sec'y of Health & Hum. Servs.*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).

On September 20, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On October 17, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $97,500.00, representing compensation for her pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $97,500.00, representing compensation for her pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                              **s/Brian H. Corcoran**
                                                              Brian H. Corcoran
                                                              Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| DEBORAH PEEPLES, | ) | |
| | ) | |
| Petitioner, | ) | No. 20-634V |
| | ) | Chief Special Master |
| v. | ) | Brian Corcoran |
| | ) | SPU |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 21, 2020, Deborah Peeples ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. On May 26, 2022, the Court issued Findings of Fact, finding that petitioner suffered the residual effects of her alleged SIRVA for more than six months after vaccination. ECF No. 35. On September 20, 2022, respondent filed his Rule 4(c) Report, advising the Court that, given the Court's Findings of Fact, respondent would not defend the case on other grounds in proceedings before the Office of Special Masters. ECF No. 40. That same day, Chief Special Master Corcoran found petitioner entitled to compensation for her right shoulder SIRVA injury. ECF No. 41.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $97,500.00 for pain and suffering. Petitioner is not seeking any other compensation for her SIRVA injury. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

1

II. **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$97,500.00**, in the form of a check made payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

 s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515
Althea.Davis@usdoj.gov

DATED:  October 17, 2022

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2